UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Trenton Miller

    v.                                                    Civil No. 15-cv-427-PB

FCI-Berlin Corrections Officer FNU Karner,
FCI-Berlin Corrections Officer FNU Martin,
and FCI-Berlin Warden Esker Lee Tatum

**REPORT AND RECOMMENDATION**

Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin") inmate Trenton Miller has filed a complaint (doc. no. 1), which is before the court for preliminary review under 28 U.S.C. § 1915A and LR 4.3(d)(1).

**Preliminary Review Standard**

For the purposes of this court's preliminary review under 28 U.S.C. § 1915A and LR 4.3(d)(1), the court construes the pro se pleading liberally in determining whether the inmate has stated a claim. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## **Background**

Miller's claims relate to an incident that occurred on October 29, 2015.  On that date, Miller alleges, he was retrieving his property from storage, and the property officer, FCI-Berlin Corrections Officer ("C.O.") Karner asked Miller to sign a receipt.  Miller told Karner that he would not do so until he was sure all of his property was there.  Karner "got angry and went away fuming" to his desk, and ignored Miller at first when he asked for a bag for his property.  Miller then asserts Karner picked up a property kit bag with metal buckles and threw it at Miller, hitting him in the face.  The bag's buckles struck Miller's eye.  Miller complained to Karner about throwing the bag, and then, Miller alleges, Karner threatened to lock him up unless he shut up.  Miller asserts that he suffered redness, bruising, soreness, and eye pain, and sought medical attention for his injuries.

Miller alleges that after Miller signed the property receipt, Karner locked him up for three hours, without cause, during which time Karner and C.O. Martin mocked Miller.  Miller further alleges that C.O. Martin witnessed the entire incident without intervening.

Miller asserts Eighth Amendment claims of excessive force against defendants Karner and Martin in their individual and

2

official capacities, under Bivens v. Six Unknown Fed. Narc. Agents, 403 U.S. 388 (1971), seeking damages and injunctive relief.  Karner has also named Warden Esker Lee Tatum, Jr., and the federal Bureau of Prisons ("BOP"), as defendants.

## Discussion

### I. Eighth Amendment Excessive Force Claim as to Karner

The Eighth Amendment protects a prisoner from excessive force that amounts to cruel and unusual punishment.  See Skinner v. Cunningham, 430 F.3d 483, 488 (1st Cir. 2005).  In determining whether a plaintiff has established a claim for excessive force, the "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  "[D]e minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind," do not violate the Eighth Amendment.  Id. at 9-10 (internal quotation marks and citations omitted).

Liberally construed, the pleading states a claim for relief against Karner for using excessive force without any legitimate purpose, maliciously and sadistically to harm Miller, by throwing the kit bag at Miller's face in anger after a verbal

3

disagreement. Accordingly, the court, in an Order issued with this Report and Recommendation, directs service of the complaint upon Karner, with respect to the <u>Bivens</u> claim for damages.

## II. **Remaining Defendants**

The pleadings, liberally construed, do not suggest that anyone other than Karner used any excessive force against Miller. Martin's witnessing of the alleged use of force, and failure to intervene after the fact, does not state a claim for relief. Furthermore, there is no respondeat superior liability under <u>Bivens</u>. <u>Iqbal</u>, 556 U.S. at 676. Accordingly, the district judge should dismiss Miller's claims against the remaining defendants.

## III. **Request for Injunctive Relief**

"[A] plaintiff must demonstrate standing separately for each form of relief sought." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 185 (2000). "'[A] continuing violation or the imminence of a future violation' is necessary to confer Article III standing to seek injunctive relief." <u>Conservation Law Found. v. Pub. Serv. Co. of N.H.</u>, No. 11-cv-353-JL, 2012 DNH 174, 2012 WL 4477669 at *10, 2012 U.S. Dist. LEXIS 138881 at *40 (D.N.H. Sept. 27, 2012) (citation omitted). Miller has not alleged any facts suggesting that he has standing to seek injunctive relief, as he has not

4

alleged that he faces any continuing or imminent threat of being subjected to excessive force again. Accordingly, Miller's request for injunctive relief should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss all claims asserted by Miller, other than the Bivens claim for damages against Karner, and should drop all other defendants from this action. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

                                          */s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

April 15, 2016

cc:  Trenton Miller, pro se